**Bradley C. Lechman-Su** OSB #900826
bradley@bradleylechmansu.com
1000 SW Broadway St.
Suite 2300
Portland, OR 97205
Telephone (503) 984-1350
Attorneys for Petitioner Andrew Charles Nisbet

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

In re the Application of:

| | |
|---|---|
| ANDREW CHARLES NISBET, | VERIFIED PETITION FOR RETURN OF CHILDREN TO THEIR HABITUAL RESIDENCE |
| Petitioner, | (United Kingdom - Scotland) |
| and | International Child Abduction Remedies Act |
| SPIRIT ROSE BRIDGER, | 22 USC 9001 *et seq.* |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction,
done at the Hague on 25 Oct. 1980
International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.*

1. CONVENTION PREAMBLE SUMMARY: The States signatory to the present Convention, are convinced that the interests of children are of paramount importance in matters relating to their custody, and desiring to protect children internationally from the harmful effects of their wrongful removal or retention and to

**Petition for Return of Children To Their Habitual Residence (UK - SCOTLAND)**

establish procedures to ensure their prompt return to the State of their habitual residence, have established the following provisions and procedures.

1.1   This petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 (The Convention) and 22 U.S.C. § 9001 *et seq.*, the International Child Abduction Remedies Act (ICARA). The Convention went into effect in the United States on July 1, 1988 and went into force between the United States and United Kingdom July 1, 1988, the UK being the Habitual Residence of the minor children, ACN, age 5, and KRN age 3.

1.2   The objects of the Convention are:

1.2.1   Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

1.2.2.   Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

1.2.3. Article 2 requires contracting states to use the most expeditious procedures available in achieving a prompt return.

2.0   JURISDICTION

2.1   This court has jurisdiction pursuant to 22 U.S.C. § 9003(a).

2.2   A decision under The Convention is not a determination of the custody of the minor children, pursuant to Article 19 of The Convention and 22 U.S.C. § 9001(d)(4).

3.0   STATUS OF PETITIONER AND CHILDREN

3.1   Petitioner has rights of custody under the law of the UK,  within

**Petition for Return of Children To Their Habitual Residence (UK - SCOTLAND)**

the meaning of Articles 3 and 5 of the Convention in that he is the children's biological father, and their natural mother is the Respondent. The parents are unmarried. The family described as such has been constituted up to the beginning of these proceedings.

    3.2    The family resided in Scotland it is believed, until 17 June 2022. Andrew Corwin Nisbet was born on the island of Jersey in Great Britain, and moved to Scotland in September 2019, and has lived in Scotland from 2019 until being removed by the Respondent on 17 June 2022. Katara Rose Nisbet was born in Scotland and lived there until being removed by the Respondent 17 June 2022. The Respondent initiated a relocation of the two children and herself to Portland, Oregon, where it is believed they are at present."

    3.3    The Petitioner, throughout the children's lives and until the time of removal on June 17, 2022, was having frequent verbal contact by electronic device, was seeing the children during visits, and being an active part in making decisions for the well being of the children, and exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention.

    3.4    The Petitioner at the time of the application to this Court was and is habitually resident in the UK.

    4.0    RETENTION OF THE CHILDREN BY RESPONDENT

    4.1    On or about June 17, 2022, Respondent, without receiving the consent or permission of Petitioner, removed the minor children to Oregon, USA without the knowledge of the Petitioner in violation of the Petitioner's rights of custody.

**Petition for Return of Children To Their Habitual Residence (UK - SCOTLAND)**

4.2    The children are presently located in the State of Oregon, County of 3222 SE Yamhill St. Portland, OR 97214, County of Multnomah.

5.0    STATE COURT CUSTODY PROCEEDINGS - the undersigned has no knowledge of any state or other court custody proceedings.

6.0    RELIEF REQUESTED

6.1    Petitioner requests the following relief:    The minor children of the parties, ACN and KRN should be returned to their habitual residence in Scotland, UK forthwith, pursuant to Article 12 of the Convention, and be allowed full access rights there according to circumstances.

7.0    NOTICE: no hearing is scheduled.

8.0    ATTORNEY FEES AND COSTS (CONVENTION ARTICLES 26 AND 22 U.S.C. §9007(b)).

8.1    Respondent should be ordered to pay necessary expenses incurred by or on behalf of petitioner, including court costs, legal fees, attorney fees, foster home or other care during the course of these proceedings, and any transportation costs related to the return of the children.  Petitioner will provide, a list of all expenditures incurred to date by Petitioner as a result of the wrongful removal of the children by Respondent.

8.2    Petitioner requests that this court award all costs and fees incurred at the conclusion of the case as required by 22 USC 9007(b)(3).

9.0    VERIFICATION

9.1  I am the attorney for Petitioner, Andrew Charles Nisbet. I make this verification on behalf of Petitioner, Andrew Charles Nisbet, because Petitioner resides

outside of the United States, in Scotland, United Kingdom. The information set forth in this Petition is true based on the below-identified attorney's good faith investigation to date, and communications between Petitioner, Andrew Charles Nisbet, and the below-identified attorney, except as to the matters that are stated in it on information and belief, and as to those matters, after a reasonable inquiry and investigation, are believed to be true.

9.2  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on June 9, 2023, in Portland, Oregon.

        By:  /s/    Bradley C. Lechman-Su
            Bradley C. Lechman-Su  OSB #900826
            bradley@bradleylechmansu.com
            (503) 984-1350
            Attorney for Petitioner