Katelyn D. Skinner, OSB No. 105055
Katrina Seipel, OSB No. 164793
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Emails:  kds@buckley-law.com
         kas@buckley-law.com
Of Attorneys for Respondent Spirit Bridger

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| In re the Application of: | |
| ANDREW CHARLES NISBET, | Case No.: 3:23-cv-00850-IM |
| Petitioner, | |
| and | RESPONDENT'S MOTION IN LIMINE |
| SPIRIT ROSE BRIDGER, | *Request for Oral Argument* |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

Respondent Spirit Bridger ("Mother"), by and through her attorney of record, Katrina Seipel, submits this Motion in Limine to the Court in anticipation of the trial on this matter, scheduled to take place October 16-18, 2023. Mother requests a hearing to present oral argument prior to trial.

///

///

## MOTION

Pursuant to Federal Rule of Civil Procedure 26(g)(3), Mother respectfully requests sanctions and requests an Order of the Court prohibiting Petitioner ("Father") from putting on evidence at trial, as Father did not comply with the Court's Scheduling Order, made on September 13, 2023, requiring the parties to exchange (1) fact witness lists with witness statements, (2) expert lists with expert disclosures, and (3) exhibits and exhibit lists, by September 22, 2023. In the same Scheduling Order, the Court required rebuttal expert disclosures to be provided to counsel by September 28, 2023, and trial memoranda were to be submitted to the Court by September 29, 2023.

Under Rule 26(a)(1)(E), "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . " Rule 26(g) provides that all disclosures must be signed, and, in signing, the signer certifies that the disclosures are made consistent with the rules. Rule 26(g)(2) goes further in stating, "Other parties have no duty to act on an unsigned disclosure . . . " Put another away, an unsigned disclosure may be treated as if it was never received. If a disclosure violates the rules without *substantial justification*, Rule 26(g)(3) gives the Court the authority to impose sanctions against the signer, or the party on whose behalf the signer was acting, or both.

In the Rule 26 annotations, the following statements are made:
1. "Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26

through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions."

2. "Concern about discovery abuse has led to widespread recognition that there is a need for more aggressive judicial control and supervision. *ACF Industries, Inc. v. EEOC,* 439 U.S. 1081 (1979) (certiorari denied) (Powell, J., dissenting). Sanctions to deter discovery abuse would be more effective if they were diligently applied "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643 (1976). See also Note, *The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions,* 91 Harv.L.Rev. 1033 (1978). Thus, the premise of Rule 26(g) is that imposing sanctions on attorneys who fail to meet the rule's standards will significantly reduce abuse by imposing disadvantages therefor."

3. "This authority derives from Rule 37, 28 U.S.C. § 1927, and the court's inherent power. See *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980); *Martin v. Bell Helicopter Co.,* 85 F.R.D. 654, 661-62 (D.Col.1980); Note, *Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process,* 44 U.Chi.L.Rev. 619 (1977). The new rule mandates that sanctions be imposed on attorneys who fail to meet the standards established in the first portion of Rule 26(g). The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances."

Further, under Federal Rule of Civil Procedure 37(b), a district court may impose sanctions where a party fails to obey a discovery order. One possible sanction under Rule 37(b)(2)(A)(ii) is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." In *Tchenguiz v. Bird*, also a Hague case, when a party failed to abide by the Court's imposed discovery deadlines, sanctions were imposed against that party in the form of prohibiting evidence. No. CV 21-128-M-DWM, 2022 WL 519174 (D. Mont. Jan. 4, 2022).

At the scheduling conference held on September 13, 2023, the Court specifically inquired of both counsel for Petitioner and counsel for Respondent whether the above noted deadlines were "doable". Both attorneys agreed on the record to abide by the deadlines, and Mother did so; Father did not. By Father disregarding these deadlines, Mother is now prejudiced in her case.

Mother's counsel received an email from Father's counsel on September 27, 2023, see **Exhibit 1**. Mother asks the Court not to consider the factual substance of this email to be true, but asks the Court to review the email for the purpose of confirming that Father has not complied with the Court's order regarding disclosures and the Federal Rules of Civil Procedure. This email claims to be Father's Witness List and Witness Statements. However, the email does not include contact information for any of Father's witnesses, lay or expert, nor was it submitted on time. Furthermore, the email contains direct statements of Father, which statements are not made under oath, not made as part of a formal declaration or affidavit, and not signed under penalty of perjury. To include such statements as part of a witness disclosure was not proper.

Admittedly, Mother's counsel received a prior document from Father's counsel on September 22, 2023, titled "Fact Witness List and Statements", but as can be seen in **Exhibit 1**, Mr. Lechman-Su asks that this document be disregarded, as it "was not authorized to be presented as Dr. Nisbet's actual statement."

Additionally, on September 27, 2023, Father's counsel sent an email to Mother's counsel with Father's exhibit list and its corresponding exhibits. These exhibits include reports purportedly written by Father's experts. These exhibits were not timely disclosed.

Due to Father's untimely disclosures, and the improper form of his disclosures, should the Court allow Father to proceed with presenting his disclosed evidence at trial, Mother will be unduly prejudiced. As stated above, the Court required that the parties submit trial memoranda on Friday, September 29. After the Court's order, Mother's counsel immediately began drafting such document and crafting her arguments. Mother should have received disclosures from Father's counsel on September 22, and she should have had a full week to work with Father's evidence and compose arguments regarding the same, but she was unable to do so. Due to the expedited nature of Hague cases and Father's late and improper disclosures, she was not given the same opportunity that Father was, to fully analyze all trial evidence and include arguments regarding the same in her trial memorandum.

Moreover, Mother received the names of Father's experts and reports written by them on Wednesday, September 27, 2023, at 2:45 PM. Being that rebuttal experts were due to be disclosed the following day, this left absolutely no time for Mother to be able to seek out and retain a rebuttal expert. Perhaps most importantly, as of the date of this filing,

Mother still does not have contact information for any of Father's witnesses. As such, she is unable to attempt interviews and/or conduct further investigation into the same, leading to her being prejudiced by being unable to fully present her defense to Father's evidence and case.

Courts set deadlines for a reason. Deadlines are not to be lightly disregarded. Father has provided no explanation whatsoever for either the delay in his disclosures or their improper form. Father and his counsel have utterly failed to meet the standards required by Rule 26. Accordingly, Mother asks that sanctions be imposed.

Father objects to this Motion. Father's counsel states: "Prohibiting expert testimony and documentary evidence is going overboard." "Excluding substantive evidence for a error in form is not proper or justified." "This is already a lopsided case from an evidentiary standpoint and it deserves the court's consideration."

## CONCLUSION

Based on the above law and arguments, Mother respectfully asks that the Court impose sanctions and prohibit Father from presenting evidence at trial in this matter.

DATED: September 29, 2023

Katrina Seipel, OSB #164793
Of Attorneys for Respondent

CERTIFICATE OF SERVICE

I certify that this document was served, by electronic service through the CM/ECF system and by email, upon Bradley Lechman-Su at bradley@bradleylechmansu.com on this 29th day of September, 2023.

_____
Katrina Seipel, OSB #164793
Of Attorneys for Respondent
kas@buckley-law.com

| | |
|---|---|
| **Attachments:** | _List of Documents for Hague Convention Case.pdf; 1 _ Hague Convention Application Form.pdf; 2a _ Passport Andrew Nisbet 2011.pdf; 2b _ Passport Corwin.pdf; 2c _ Spirit Passport PDF.pdf; 2d _ Corwin Birth Certificate.pdf; 2e _ KataraBirthCertificate.pdf; 3 _ Addendum Information.pdf; 4 _ Hague Case Filing Timeline.pdf; 4a _ Hague Convention Application Email Copy.pdf; 4b _ PACER Court Filing 12 June 2023.pdf; 5a _ Dr R re children.pdf; 5b _ Signed AN letter re options care of children.pdf; 5c _ Dr Radley letter re discharge 18 Sept.pdf; 6 _ Signed Prof McGuire letter re Children-SLY2023090902055186.pdf; 6a _ Report by Prof McG.pdf; 7 _ 2023 Dr Murphy Independent opinion of autism for AN - July 2023.pdf; 8 _ 2023 Letter from Rev Philip Evans.pdf; 9 _ Initial Email Chain.pdf; 10 _ Confirmation of Nursery School Placement letter AN.pdf; 11 _ 2023 - PH Family Letter September.pdf; 12 _ Signed JP Letter re DHR 2 pages.pdf; 13 _ Spirit Letter 2020.pdf; 14 _ Letter Spirit to CM Jersey 2022.pdf; 15 _ Loan to Spirit 1.pdf; 16 _ Loan to Spirit 2.pdf |
| **EventId:** | 04cf641a-dca0-420e-b905-fb564240db48 |
| **MatterId:** | ad401327-0cb2-4a33-b468-555b0de4bc6d |

**From:** Bradley Lechman Su <bradley@bradleylechmansu.com>
**Sent:** Wednesday, September 27, 2023 2:45 PM
**To:** Katrina Seipel <KAS@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>
**Subject:** FW: Exhibits - Nesbit v Bridger

Katrina,

These are the Nesbit v Bridger exhibits, attached.

Brad

Bradley C. Lechman-Su , OSB No. #900826
Attorney at Law
1000 SW Broadway  Ste 2300
Portland, OR 97205
Ph: 503-984-1350
bradley@bradleylechmansu.com


**From:** Bradley Lechman Su
**Sent:** Wednesday, September 27, 2023 10:40 AM
**To:** Bradley Lechman Su <bradley@bradleylechmansu.com>
**Subject:** Exhibits


**From:** Andrew Nisbet <nisbetac@yahoo.co.uk>
**Sent:** Sunday, September 24, 2023 6:43 PM
**To:** Bradley Lechman Su <bradley@bradleylechmansu.com>
**Subject:** Documents to offer to the court as exhibits

1

EXHIBIT 1
Page 1 of 2

Hello Mr Lechman-Su,

Thank you for talking to me today.

I would like us to offer all of the attached PDF documents to the court as exhibits of evidence for our case.

I understand that for some letters, if the author of the letter is not able to give verbal evidence at the trial, then this may reduce the value of the evidence.

Please could you reply via email to confirm that you have received this and will offer all the attached PDF documents as exhibits?

Once you have all the evidence stamped with appropriate exhibit numbers etc, please send me a copy of everything that will be offered to the court so that I can check if anything further needs to be added or amended?

Many thanks,

Andrew N