IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANDREW CHARLES NISBET**, <br><br> Petitioner, <br><br> v. <br><br> **SPIRIT ROSE BRIDGER**, <br><br> Respondent. | Case No. 3:23-cv-00850-IM <br><br> **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

Bradley C. Lechman-Su, 1000 SW Broadway St., Suite 2300, Portland, OR 97205. Attorney for Petitioner.

Katelyn D. Skinner and Katrina Seipel, Buckley Law, P.C., 5300 Meadows Road, Suite 200, Lake Oswego, OR 97035. Attorneys for Respondent.

**IMMERGUT, District Judge.**

Before this Court is Respondent Spirit Rose Bridger's Motion for Attorney's Fees and Costs ("Mot."), ECF 45. Invoking this Court's "inherent power," Respondent urges this Court to grant attorney's fees on grounds of Petitioner Andrew Charles Nisbet's alleged bad faith in petitioning this Court for the return of ACN and KRN to Scotland. Memorandum in Support of Mot. ("Memo."), ECF 46 at 2. Alternatively, Respondent requests reasonable costs under Federal

PAGE 1 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Rule of Civil Procedure 54(d). *Id.* at 7. This Court will GRANT in part and DENY in part Respondent's Motion: she will receive $272.08 in costs, but will not receive attorney's fees.

## DISCUSSION

### A. This Court Will Not Grant Attorney's Fees to Respondent

"This Court's basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. NantKwest, Inc.*, 140 S. Ct. 365, 370 (2019) (quotation marks and citation omitted). One exception to this principle is that federal courts may award attorney's fees as part of their "inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quotation marks and citation omitted). "Because of their very potency," however, "inherent powers must be exercised with restraint and discretion." *Id.* (citation omitted). To that end, this Court may only award attorney's fees if Petitioner "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Bad faith encompasses "a wide range of willful improper conduct, such as delaying or disrupting litigation, willful abuse of the judicial processes, and hampering with enforcement of a court order." *In re BCB Contracting Servs., LLC*, No. 22-60014, 2022 WL 17844674, at *1 (9th Cir. Dec. 22, 2022) (citation omitted).

Respondent offers three reasons why Petitioner's litigation conduct constitutes "bad faith," and though they have some merit, this Court ultimately finds them unpersuasive. First, Respondent argues, "Petitioner's lawsuit was frivolous, irrational, and outrageous, and Petitioner's counsel, who is well-versed in Hague Convention matters . . . , should have known as much." Memo., ECF 46 at 3. But Respondent's argument does not account for the fact that

PAGE 2 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS

Petitioner is mentally unwell: he is indefinitely confined at an in-patient psychiatric facility and, as his trial conduct illustrated, lacks self-awareness and basic impulse control. Thus, it is difficult for this Court to conclude that Petitioner acted "in bad faith." Rather, in this Court's view, Petitioner genuinely believed that he could succeed on his Petition.

Second, Respondent points out that Petitioner repeatedly violated this Court's pre-trial orders and sought to delay the case. *Id.* at 3–4. As to delay, it is not entirely clear that Petitioner sought to delay this case as much as Respondent asserts: Petitioner's counsel proposed the October trial dates in writing, and Petitioner began the Hague Convention process in Fall 2022. Indeed, one of Petitioner's exhibits suggests that the delay was due to his struggles with finding local counsel. *See* Ex. 4. As to Petitioner's repeated violations of this Court's orders, this Court agrees with Respondent that they were unacceptable. But given the difficulties Petitioner's counsel had communicating with his client (who is confined abroad), and because Petitioner's counsel needed to retrieve documents from overseas, this Court does not believe Petitioner's failures rise to the level of "willful disobedience of a court's orders." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

Third, as Respondent reminds this Court, Petitioner "failed to abide by the Court's orders to disclose material evidence to Respondent." Memo., ECF 46 at 4. On this score, this Court already sanctioned Petitioner by refusing to "give [Petitioner's expert witness's] testimony much weight." Opinion and Order, ECF 43 at 22 (citing Fed. R. Civ. P. 37(c)).

In sum, Respondent makes strong arguments, but this Court does not believe that Petitioner's conduct constitutes "bad faith" such that this Court should overlook the longstanding presumption that parties bear their own costs in litigation. Accordingly, this Court will not award Respondent attorney's fees.

PAGE 3 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS

B.  **This Court Will Grant Limited Costs to Respondent**

Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "[T]he Rule creates a strong presumption that the prevailing party will recover costs under the Rule." 10 James Wm. Moore et al., *Moore's Federal Practice – Civil* ("*Moore's*") § 54.101 (Sept. 2023 update). Nothing in the Hague Convention supersedes this default rule. *See, e.g.*, *White v. White*, 893 F. Supp. 2d 755, 759 (E.D. Va. 2012); *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995) (per curiam). The costs this Court may award under Rule 54(d) are listed in 28 U.S.C. § 1920. 10 *Moore's* § 54.103.

This Court will award costs to Respondent, but several of the costs Respondent lists are not compensable under 28 U.S.C. § 1920. For one, Respondent lists the expert witness costs for Dr. Landon Poppleton, Professor Merle Weiner, and Attorney David Steenson. Mot. ECF 45, Ex. 1 at 9. However, this Court does "not have the power to award expert witness fees as costs" beyond the limits set by 28 U.S.C. § 1821. *Evanow v. M/V Neptune*, 163 F.3d 1108, 1117–18 (9th Cir. 1998); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987). Section 1821 caps witness fees to "$40 per day for each day's attendance" and travel expenses. Therefore, this Court will limit witness fees to the two days Dr. Poppleton attended trial, the one day Attorney Steenson attended trial, and any travel costs incurred by Dr. Poppleton.

In addition, Respondent lists "Research Costs" as reimbursable, but this is contrary to Ninth Circuit precedent. "Neither tradition nor statutory usage distinguishes computer-based legal research costs from attorney's fees." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006); *see Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995) (treating "computerized legal research fees as a component of

attorney's fees rather than costs under § 1920"). Thus, this Court cannot award these "Research Costs" under Rule 54(d).

After the expert and research costs are subtracted and the expert per diems under 28 U.S.C. § 1821 are added, the total award Respondent should receive is $272.08.

| Description | Costs |
|---|---|
| Mileage Reimbursement | $12.31 |
| Mileage/Parking Reimbursement | $14.76 |
| Mileage/Parking Reimbursement | $12.76 |
| Mileage/Parking Reimbursement | $86.83 |
| Mileage/Parking Reimbursement | $12.71 |
| Mileage/Parking Reimbursement | $12.71 |
| Expert Per Diems | $120.00 |
| **TOTAL** | **$272.08** |

## CONCLUSION

For the reasons above, this Court GRANTS in part and DENIES in part Respondent's Motion for Attorney's Fees and Costs, ECF 45.

**IT IS SO ORDERED.**

DATED this 20th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION FOR ATTORNEY'S FEES AND COSTS